UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STAR AIR GROUP, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MEDICAL FACILITIES HOLDINGS PROPERTY MANAGEMENT, LLC,<br><br>        Defendant. | Case No. 1:23-cv-05317-JHR |

## ORIGINAL ANSWER AND COUNTERCLAIM

Defendant Medical Facilities Holdings Property Management, LLC ("Defendant" or "MFHPM"), by and through its attorneys, as for its Original Answer to Plaintiff Star Air Group, LLC's ("Plaintiff") Complaint (Doc. No. 1) (the "Complaint") and Counterclaim, respectfully states as follows:

## THE PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint. Therefore, denied.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint. Therefore, denied.

3. The allegations in paragraph 3 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied. Defendant further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint because the term "all material times hereinafter" is vague, ambiguous, and undefined. Therefore, denied.

4. The allegations in paragraph 4 of the Complaint are denied.

5. The allegations in paragraph 5 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied. Defendant further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint because the term "membership interests" is vague, ambiguous, and undefined. Therefore, denied.

6. The allegations in paragraph 6 of the Complaint are admitted.

7. The allegations in paragraph 7 of the Complaint are denied.

## JURISDICTION AND VENUE

8. The allegations in paragraph 8 of the Complaint consist of legal conclusions to which no response is required. Defendant admits that the United States District Court for the Southern District of New York possesses jurisdiction over this action. Defendant denies that Plaintiff states a claim for which relief may be granted in its Complaint and respectfully refers all questions of law to the Court.

9. The allegations in paragraph 9 of the Complaint consist of legal conclusions to which no response is required. Defendant admits that the United States District Court for the Southern District of New York possesses jurisdiction over this action. Defendant denies that Plaintiff states a claim for which relief may be granted in its Complaint and respectfully refers all questions of law to the Court. Defendant further states that the referenced agreements speak for themselves, and Defendant denies anything inconsistent therewith.

10. The allegations in paragraph 10 of the Complaint consist of legal conclusions to which no response is required. Defendant admits that the United States District Court for the Southern District of New York is the appropriate venue. Defendant denies that Plaintiff states a claim for which relief may be granted in its Complaint and respectfully refers all questions of law to the Court.

## CHOICE OF LAW

11. With respect to the allegations in paragraph 11 of the Complaint, Defendant states that the referenced agreements speak for themselves, and Defendant denies anything inconsistent therewith.

12. With respect to the allegations in paragraph 12 of the Complaint, Defendant states that the referenced agreements speak for themselves, and Defendant denies anything inconsistent therewith.

## NATURE OF ACTION

13. The allegations in paragraph 13 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

## ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

14. The allegations in paragraph 14 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied. Defendant further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint because the term "beneficial owner" is vague, ambiguous, and undefined. Therefore, denied.

15. The allegations in paragraph 15 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied. Defendant further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint because the term "beneficial owner" is vague, ambiguous, and undefined. Therefore, denied.

### The N780 Services Agreement

16. With respect to the allegations in paragraph 16 of the Complaint, Defendant states that the referenced agreement speaks for itself, and Defendant denies anything inconsistent therewith.

17. With respect to the allegations in paragraph 17 of the Complaint, Defendant states that the referenced agreement speaks for itself, and Defendant denies anything inconsistent therewith.

18. With respect to the allegations in paragraph 18 of the Complaint, Defendant states that the referenced agreement speaks for itself, and Defendant denies anything inconsistent therewith.

19. With respect to the allegations in paragraph 19 of the Complaint, Defendant states that the referenced agreement speaks for itself, and Defendant denies anything inconsistent therewith.

### The N664 Services Agreement

20. With respect to the allegations in paragraph 20 of the Complaint, Defendant states that the referenced agreement speaks for itself, and Defendant denies anything inconsistent therewith.

21. With respect to the allegations in paragraph 21 of the Complaint, Defendant states that the referenced agreement speaks for itself, and Defendant denies anything inconsistent therewith.

22. With respect to the allegations in paragraph 22 of the Complaint, Defendant states that the referenced agreement speaks for itself, and Defendant denies anything inconsistent therewith.

23. With respect to the allegations in paragraph 23 of the Complaint, Defendant states that the referenced agreement speaks for itself, and Defendant denies anything inconsistent therewith.

**SAG [Allegedly] Performs its Obligations under the N780 Services Agreement**

24. The allegations in the first sentence of paragraph 24 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied. Defendant further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint. Therefore, denied.

25. The allegations in paragraph 25 of the Complaint are denied.

26. With respect to the allegations in paragraph 26 of the Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations because the terms "family and friends of certain PSN Management personnel" and "strategic partner" are vague, ambiguous, and undefined. Therefore, denied.

27. The allegations in paragraph 27 of the Complaint are denied.

28. With respect to the allegations in paragraph 28 of the Complaint, Defendant states that the referenced agreement speaks for itself, and Defendant denies anything inconsistent therewith.

29. With respect to the allegations in paragraph 29 of the Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, denied.

**SAG [Allegedly] Performs its Obligations under the N664 Services Agreement**

30. The allegations in the first sentence of paragraph 30 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

Defendant further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint. Therefore, denied.

31. The allegations in paragraph 31 of the Complaint are denied.

32. With respect to the allegations in paragraph 32 of the Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, denied.

33. The allegations in paragraph 33 of the Complaint are denied.

34. With respect to the allegations in paragraph 34 of the Complaint, Defendant states that the referenced agreement speaks for itself, and Defendant denies anything inconsistent therewith.

35. With respect to the allegations in paragraph 29 of the Complaint, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, denied.

**MFHPM [Allegedly] Breaches the N780 Services Agreement**

36. The allegations in paragraph 36 of the Complaint are denied.

37. With respect to the allegations in paragraph 37 of the Complaint, Defendant admits that it gave Plaintiff verbal notice of termination of the referenced agreement in February 2023, but the remainder of the allegations are denied. Defendant further states that the agreement referenced in the second and third sentences of paragraph 37 of the Complaint speaks for itself, and Defendant denies anything inconsistent therewith.

38. The allegations in the first sentence of paragraph 38 of the Complaint are denied. The remaining allegations consist of legal conclusions to which no response is required. To the extent a response is required, denied.

39. With respect to the allegations in paragraph 39 of the Complaint, Defendant states that the referenced agreement speaks for itself, and Defendant denies anything inconsistent therewith.

40. The allegations in the first sentence of paragraph 40 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied. With respect to the allegations in the second sentence of paragraph 40 of the Complaint, Defendant admits that Plaintiff sent the referenced notice in May 2023, but denies the remaining allegations.

41. The allegations in paragraph 41 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

**MFHPM [Allegedly] Breaches the N664 Services Agreement**

42. The allegations in paragraph 42 of the Complaint are denied.

43. With respect to the allegations in paragraph 43 of the Complaint, Defendant admits that it gave Plaintiff verbal notice of termination of the referenced agreement in February 2023, but the remainder of the allegations are denied. Defendant further states that the agreement referenced in the second and third sentences of paragraph 43 of the Complaint speaks for itself, and Defendant denies anything inconsistent therewith.

44. The allegations in the first sentence of paragraph 44 of the Complaint are denied. The remaining allegations consist of legal conclusions to which no response is required. To the extent a response is required, denied.

45. With respect to the allegations in paragraph 45 of the Complaint, Defendant states that the referenced agreement speaks for itself, and Defendant denies anything inconsistent therewith.

46. The allegations in the first sentence of paragraph 46 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

With respect to the allegations in the second sentence of paragraph 46 of the Complaint, Defendant admits that Plaintiff sent the referenced notice in May 2023, but denies the remaining allegations.

47.   The allegations in paragraph 47 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

**SAG Files Mechanics Liens Against the Aircraft**

48.   With respect to the allegations in paragraph 48 of the Complaint, Defendant admits only that Plaintiff filed the referenced lien, which speaks for itself. The remaining allegations are denied.

49.   The allegations in paragraph 49 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

50.   The allegations in paragraph 50 of the Complaint are denied.

51.   With respect to the allegations in paragraph 51 of the Complaint, Defendant admits only that Plaintiff filed the referenced lien, which speaks for itself. The remaining allegations are denied.

52.   The allegations in paragraph 52 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

53.   With respect to the allegations in paragraph 53 of the Complaint, Defendant admits only that Plaintiff filed the referenced liens, which speaks for themselves. The remaining allegations are denied.

## FIRST CAUSE OF ACTION

### ([Alleged] Breach of the N780 Services Agreement)

54.   With respect to the allegations in paragraph 54 of the Complaint, Defendant repeats and realleges the responses contained in paragraphs 1 through 53 above as if fully set forth herein.

55. The allegations in paragraph 55 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

## SECOND CAUSE OF ACTION

### ([Alleged] Breach of the N664 Services Agreement)

56. With respect to the allegations in paragraph 56 of the Complaint, Defendant repeats and realleges the responses contained in paragraphs 1 through 53 above as if fully set forth herein.

57. The allegations in paragraph 57 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

## THIRD CAUSE OF ACTION

### (Attorney's Fees and Costs)

58. With respect to the allegations in paragraph 58 of the Complaint, Defendant repeats and realleges the responses contained in paragraphs 1 through 57 above as if fully set forth herein.

59. With respect to the allegations in paragraph 59 of the Complaint, Defendant states that the referenced agreements speaks for themselves, and Defendant denies anything inconsistent therewith.

60. Defendant admits that Plaintiff is represented in this action by an attorney, but is without information sufficient to form a belief as to the truth of the remaining allegations. Therefore, the remaining allegations are denied. The remaining allegations also consist of legal conclusions to which no response is required. To the extent a response is required, denied.

61. The allegations in paragraph 61 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

62. The allegations in the unnumbered paragraph after paragraph 61 of the Complaint are denied.

63. Defendant denies each and every allegation not expressly admitted, qualified, or otherwise pled herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted against Defendant.

2. Defendant possesses a defense based upon documentary evidence.

3. Plaintiff's claims are barred by the applicable statute(s) of limitations.

4. The Complaint is barred by the doctrine of unclean hands.

5. Damages, if any, alleged to have been suffered by Plaintiff, were caused in whole or in part by Plaintiff's own acts or omissions.

6. Damages, if any, alleged to have been suffered by Plaintiff, were caused in whole or in part by the acts or omissions of others.

7. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or ratification.

8. Plaintiff has failed to mitigate its damages.

9. Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

10. The Complaint fails to allege any facts which would support a claim for actual damages.

11. Defendant at all times acted in good faith and in conformity with and reliance upon all laws, regulations, orders, rules, and practices.

12. Plaintiff failed to perform, satisfy, and/or fulfill any and all duties and obligations owed toward Defendant arising out of any and all agreements, representations, and contracts between the parties.

13. Defendant reserves the right to supplement or amend this answer, including the assertion of any additional defenses or affirmative defenses.

## COUNTERCLAIM

Defendant/Counter-Plaintiff Medical Facilities Holdings Property Management, LLC ("Defendant/Counter-Plaintiff" or "MFHPM"), by and through its attorneys, hereby files its Counterclaim against Plaintiff/Counter Defendant Star Air Group, LLC ("Plaintiff/Counter Defendant" or "SAG"). MFHPM incorporates its responses in paragraphs 1-63 and its Affirmative and Other Defenses, above, as if fully set forth herein.

1. On or about December 23, 2020, MFHPM and SAG entered into a certain Aircraft Support Services Agreement, pursuant to which, among other things, SAG agreed to operate, maintain, service, and store Aircraft N780 for MFHPM (the "N780 ASSA").

2. Under the terms of the N780 ASSA, SAG agreed that it would provide certain services to MFHPM which were required and/or necessary to support the operation of the Aircraft N780.

3. As part of its duties under the N780 ASSA, SAG agreed, among other things, to provide operational support, including, but not limited to:

    a. Employment, contracting (as required), and supervision of flight and maintenance personnel assigned to the Aircraft N780;

    b. Aircraft maintenance support at the Operating Base, maintenance management at contract facilities, and related maintenance support functions;

    c. Advice regarding insurance for the Aircraft N780;

    d. FAA operations authorizations;

    e. Procure aircraft hangar, office, and shop facilities at the Operating Base and other airport locations, as required;

    f. Perform record keeping, reporting, budgeting, payment on behalf of Client of Aircraft-related invoices and other administrative requirements;

  g. Perform aircraft, passenger, and Flight Support Personnel scheduling support services for Client and Client's passengers; and

  h. Operational supervision of the operation and maintenance of the Aircraft N780 for Client.

4. Additionally, under Section 12 of the N780 ASSA, SAG agreed "not assert any lien or otherwise encumber, or create or place any lien or other encumbrance of any kind whatsoever, on or against the Aircraft [N780] for any reason." SAG further agreed that it would also "ensure that no liens or encumbrances of any kind whatsoever are created or placed against the Aircraft [N780] for claims . . . by SAG."

5. Thereafter, on or about October 29, 2021, MFHPM and SAG entered into an Extension Agreement to Aircraft Support Services Agreement (ASSA) (the "N780 Extension"), whereby the parties extended the term of the N780 ASSA through December 31, 2023 (the N780 ASSA, together with N780 Extension, hereinafter the "N780 Services Agreement").

6. On or about December 10, 2020, MFHPM and SAG entered into an Aircraft Support Services Agreement, pursuant to which, among other things, SAG agreed to operate, maintain, service and store Aircraft N664 for MFHPM (the "N664 ASSA").

7. Under the terms of the N664 ASSA, SAG agreed that it would provide certain services to MFHPM which were required and/or necessary to support the operation of the Aircraft N780.

8. As part of its duties under the N664 ASSA, SAG agreed, among other things, to provide operational support, including, but not limited to:

  a. Employment, contracting (as required), and supervision of flight and maintenance personnel assigned to the Aircraft N664;

  b. Aircraft maintenance support at the Operating Base, maintenance management at contract facilities, and related maintenance support functions;

  c. Advice regarding insurance for the Aircraft N664;

  d. FAA operations authorizations;

  e. Procure aircraft hangar, office, and shop facilities at the Operating Base and other airport locations, as required;

  f. Perform record keeping, reporting, budgeting, payment on behalf of Client of Aircraft-related invoices and other administrative requirements;

  g. Perform aircraft, passenger, and Flight Support Personnel scheduling support services for Client and Client's passengers; and

  h. Operational supervision of the operation and maintenance of the Aircraft for Client.

  9. Additionally, under Section 12 of the N664 ASSA, SAG agreed "not assert any lien or otherwise encumber, or create or place any lien or other encumbrance of any kind whatsoever, on or against the Aircraft [N664] for any reason." SAG further agreed that it would also "ensure that no liens or encumbrances of any kind whatsoever are created or placed against the Aircraft [N664] for claims . . . by SAG."

  10. Thereafter, on or about October 29, 2021, MFHPM and SAG entered into an Extension Agreement to Aircraft Support Services Agreement (ASSA) (the "N664 Extension"), whereby the parties extended the term of the N664 Agreement through December 31, 2023 (the N664 ASSA, together with N664 Extension, hereinafter the "N664 Services Agreement").

  11. After the parties entered into the N780 Services Agreement, SAG failed to fully perform its duties thereunder. Among other things, SAG failed to issue invoices pursuant to the

terms of the N780 Services Agreement and provide the operational support enumerated in the N780 Services Agreement.

12. Thereafter, SAG improperly filed a claim of lien as to the N780 Aircraft in violation of the express terms of the N780 Services Agreement.

13. After the parties entered into the N664 Services Agreement, SAG failed to fully perform its duties thereunder. Among other things SAG failed to issue invoices pursuant to the terms of the N664 Services Agreement and provide the operational support enumerated in the N780 Services Agreement.

14. Thereafter, SAG improperly filed a claim of lien as to the N664 Aircraft in violation of the express terms of the N664 Services Agreement.

## FIRST COUNTERCLAIM - BREACH OF CONTRACT

**(Breach of the N780 Services Agreement)**

15. Defendant repeats and realleges the allegations contained in paragraphs 1 through 14, above, as if fully set forth herein at length.

16. SAG breached the N780 Services Agreement by failing to issue invoices, failing to perform its duties and provide operational support in accordance with the terms of the N780 Services Agreement, and by improperly filing a claim of lien against the N780 Aircraft.

17. As a result of SAG's breaches of the N780 Services Agreement, MFHPM has been damaged and is entitled to recover from SAG such damages, plus interest accrued and continuing to accrue thereon, together with such other and further relief as this Court may deem appropriate.

## SECOND COUNTERCLAIM – BREACH OF CONTRACT

**(Breach of the N664 Services Agreement)**

18. Defendant repeats and realleges the allegations contained in paragraphs 1 through 17, above, as if fully set forth herein at length.

19. SAG breached the N664 Services Agreement by failing to issue invoices, failing to perform its duties and provide operational support in accordance with the terms of the N664 Services Agreement, and by improperly filing a claim of lien against the N664 Aircraft.

20. As a result of SAG's breaches of the N664 Services Agreement, MFHPM has been damaged and is entitled to recover from SAG such damages, plus interest accrued and continuing to accrue thereon, together with such other and further relief as this Court may deem appropriate.

### THIRD COUNTERCLAIM – ATTORNEY'S FEES AND COSTS

21. Defendant repeats and realleges the allegations contained in paragraphs 1 through 20, above, as if fully set forth herein at length.

22. Pursuant to Section 13.4 of the N780 Services Agreement, MFHPM and SAG agreed that in any litigation arising from the N780 Services Agreement, the unsuccessful party to such litigation shall pay to the successful party all costs and expenses, including reasonable attorney's fees incurred therein by the successful party.

23. Pursuant to Section 13.4 of the N664 Services Agreement, MFHPM and SAG agreed that in any litigation arising from the N664 Services Agreement, the unsuccessful party to such litigation shall pay to the successful party all costs and expenses, including reasonable attorney's fees incurred therein by the successful party.

24. MFHPM has retained counsel to defend SAG's action for damages and to prosecute its counterclaims against SAG as a result of SAG's breaches of the N780 Services Agreement and the N664 Services Agreement.

25. By reason of the foregoing, MFHPM is entitled to recover all of its costs and reasonable attorney's fees incurred in this action and in connection with SAG's breach of the N780 Services Agreement and N664 Services Agreement in an amount to be determined by the Court, together with such other and further relief as this Court may deem appropriate.

**WHEREFORE**, Defendant/Counter-Plaintiff Medical Facilities Holdings Property Management, LLC demands judgment against Plaintiff/Counter-Defendant Star Air Group, LLC as follows:

(a) Upon the First Counterclaim for the amounts lost as a result of SAG's failure to perform under the operative agreement, together with interest accrued and accruing thereon;

(b) Upon the Second Counterclaim for the amounts lost as a result of SAG's failure to perform under the operative agreement, together with interest accrued and accruing thereon;

(c) Upon the Third Counterclaim in an amount to be determined by the Court; and

(d) Upon all Claims for Relief, granting to Defendant/Counter-Plaintiff Medical Facilities Holdings Property Management, LLC such other and further relief as the Court deems just and proper.

Dated: October 13, 2023

POLSINELLI PC

By: /s/ Michael C. Hughes
Michael C. Hughes, Esq.
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199
mhughes@polsinelli.com

Marc D. Cabrera, Esq.
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201
(214) 397-0030
mcabrera@polsinelli.com

Attorneys for Defendant/Counter-Plaintiff
Medical Facilities Holdings Property
Management, LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 13, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the Electronic Document Filing System, which will send a notice of such filing to the following counsel of record:

David Rosenberg, Esq. (via ECF)
Todd & Levi, LLP
444 Madison Avenue
New York, NY 10022
P. (212) 308-7400
F. (212) 308-8450
*Counsel for Plaintiff/Counter-Defendant*

                                               */s/ Michael C. Hughes*
                                               Michael C. Hughes