UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

STAR AIR GROUP, LLC,  :

                                            :      Case No. 23-cv-05317-JHR

                      Plaintiff,  :

                                              :

           -against-  :      **REPLY TO**

                                              :      **<u>COUNTERCLAIMS</u>**

MEDICAL FACILITIES HOLDINGS PROPERTY  :

MANAGEMENT, LLC  :

                                              :

                      Defendant.  :

---------------------------------------------------------------X

       Plaintiff Star Air Group, LLC ("SAG" or "Plaintiff"), by and through its undersigned counsel, hereby replies to the Counterclaims alleged in the Original Answer and Counterclaim of Defendant Medical Facilities Holdings Property Management, LLC ("MFHPM" or "Defendant") dated October 13, 2023 (the "Counterclaims"), as follows:

## <u>ANSWER TO COUNTERCLAIMS</u>

       With regard to the un-numbered allegation contained in the introductory paragraph of the Counterclaims, SAG repeats and realleges each and every allegation contained in paragraphs 1 through 63 of the Complaint, and to the extent a response is required to the Defendant's Affirmative Defenses and Other Defenses, denies such defenses, as if fully set forth herein at length.

       1.     With regard to the allegations contained in paragraph 1 of the Counterclaims, SAG admits only that it entered into the N780 ASSA, denies the remainder of the allegations contained in paragraph 1 of the Counterclaims, and refers the Court to the N780 ASSA for the terms thereof.

2.     With regard to the allegations contained in paragraph 2 of the Counterclaims, SAG admits only under the terms of the N780 ASSA, SAG would provide certain services to MFHPM, and refers the Court to the N780 ASSA for the terms thereof.

3.     Admits the allegations contained in paragraph 3 of the Counterclaims, and avers that MFHPM was obligated to pay SAG for providing operational support pursuant to the N780 ASSA.

4.     Admits only that Section 12 of the N780 ASSA states, among other things, that SAG "shall not assert any lien or otherwise encumber, or create or place, any lien or other encumbrance of any kind whatsoever, on or against the Aircraft [N780] for any reason" and that SAG would "ensure that no liens or encumbrances of any kind whatsoever are created or placed against the Aircraft [N780] for claims against SAG or by SAG", and refers the Court to the N780 ASSA for the terms thereof.

5.     Admits the allegations contained in paragraph 5 of the Counterclaims.

6.     With regard to the allegations contained in paragraph 6 of the Counterclaims, SAG admits only that it entered into the N664 ASSA, denies the remainder of the allegations contained in paragraph 6 of the Counterclaims, and refers the Court to the N664 ASSA for the terms thereof.

7.     With regard to the allegations contained in paragraph 7 of the Counterclaims, SAG admits only under the terms of the N664 ASSA, SAG would provide certain services to MFHPM, and refers the Court to the N664 ASSA for the terms thereof.

8.    Admits the allegations contained in paragraph 8 of the Counterclaims, and avers that MFHPM was obligated to pay SAG for providing operational support pursuant to the N664 ASSA.

9.    Admits only that Section 12 of the N664 ASSA states, among other things, that SAG "shall not assert any lien or otherwise encumber, or create or place, any lien or other encumbrance of any kind whatsoever, on or against the Aircraft [N664] for any reason" and that SAG would "ensure that no liens or encumbrances of any kind whatsoever are created or placed against the Aircraft [N664] for claims against SAG or by SAG", and refers the Court to the N664 ASSA for the terms thereof.

10.   Admits the allegations contained in paragraph 10 of the Counterclaims.

11.   Denies the allegations contained in paragraph 11 of the Counterclaims.

12.   Denies the allegations contained in paragraph 12 of the Counterclaims.

13.   Denies the allegations contained in paragraph 13 of the Counterclaims.

14.   Denies the allegations contained in paragraph 14 of the Counterclaims.

## **ANSWER TO FIRST COUNTERCLAIM – BREACH OF CONTRACT**

15.   With regard to allegations contained in paragraph 15 of the Counterclaims, SAG repeats and realleges each and every response to the allegations contained in paragraphs 1 through 14 above, as if fully set forth herein at length.

16.   Denies the allegations contained in paragraph 16 of the Counterclaims.

17.   Denies the allegations contained in paragraph 17 of the Counterclaims.

**ANSWER TO SECOND COUNTERCLAIM – BREACH OF CONTRACT**

18.     With regard to allegations contained in paragraph 18 of the Counterclaims, SAG repeats and realleges each and every response to the allegations contained in paragraphs 1 through 17 above, as if fully set forth herein at length.

19.     Denies the allegations contained in paragraph 19 of the Counterclaims.

20.     Denies the allegations contained in paragraph 20 of the Counterclaims.

**ANSWER TO THIRD COUNTERCLAIM – ATTORNEY'S FEES AND COSTS**

21.     With regard to allegations contained in paragraph 21 of the Counterclaims, SAG repeats and realleges each and every response to the allegations contained in paragraphs 1 through 21 above, as if fully set forth herein at length.

22.     Admits the allegations contained in paragraph 22 of the Counterclaims.

23.     Admits the allegations contained in paragraph 23 of the Counterclaims.

24.     Upon information and belief, admits that MFHPM retained counsel, but denies the remainder of the allegations contained in paragraph 24 of the Counterclaims.

25.     Denies the allegations contained in paragraph 25 of the Counterclaims.

**DEFENSES TO COUNTERCLAIMS**

**FIRST AFFIRMATIVE DEFENSE**

26.     The Counterclaims fail to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

27.     The Counterclaims are barred, in whole or in part, based on the doctrine of equitable estoppel.

## THIRD AFFIRMATIVE DEFENSE

28.     The Counterclaims are barred, in whole or in part, based on the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

29.     The Counterclaims are barred, in whole or in part, based on the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

30.     The Counterclaims are barred, in whole or in part, based on the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

31.     The Counterclaims arise, in whole or in part, from Defendant's own breaches of contract.

## SEVENTH AFFIRMATIVE DEFENSE

32.     The Counterclaims must be denied because Plaintiff performed as required under the contract.

## EIGHTH AFFIRMATIVE DEFENSE

33.     The Counterclaims are barred because to the extent that the Defendant has suffered any damages, such damages were not causally related to any alleged conduct of Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

34.     The Counterclaims are barred because to the extent that Defendant has suffered any damages, it has failed to mitigate such damages.

## TENTH AFFIRMATIVE DEFENSE

35.     The Counterclaims must be denied because Defendant materially breached its contractual obligations to Plaintiff, and said breaches discharge Plaintiff from any further performance under the N780 ASSA and the N664 ASSA and any liability in whole or in part.

## ELEVENTH AFFIRMATIVE DEFENSE

37.     The Counterclaims are barred by the doctrines of release, ratification, and/or acquiescence.

## TWELFTH AFFIRMATIVE DEFENSE

38.     The Counterclaims claims are barred, in whole or in part, because any losses or damages suffered by Defendant were proximately caused by its own acts or omissions.


**WHEREFORE**, Plaintiff Star Air Group LLC ("SAG") demands judgment as follows:

(a)     Dismissing the Counterclaims in their entirety and with prejudice;

(b)     Granting the relief sought in the Complaint; and

(c)     Granting to SAG such other and further relief as the Court deems just and proper.

Dated: New York, New York
          November 1, 2023

                                        TODD & LEVI, LLP

                                        By: */s/ David Rosenberg*
                                               David Rosenberg
                                        Attorneys for Plaintiff
                                        444 Madison Avenue, Suite 1202
                                        New York, New York 10022
                                        (212) 308-7400